```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
    UNITED STATES OF AMERICA      :    **PROTECTIVE ORDER**

          - v. -                    :    21 Cr. 504 (MKV)

    CESAR CRUZ,

          Defendant.
- - - - - - - - - - - - - - - - - x

Hon. Mary Kay Vyscokil, District Judge:

       On the motion of the United States of America, by Audrey Strauss, United States Attorney for the Southern District of New York, through counsel, Kedar Bhatia and Kaylan Lasky, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant in the above-captioned matter (the "defendant"), by and through his counsel, and for good cause shown,

       IT IS HEREBY ORDERED:

       1.   Except as noted in Paragraph 7 below, all materials, including documents and the information contained therein, electronic data, and other audio or visual materials that are provided by the Government to the defendant in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady* v. *Maryland,* or *United States* v. *Giglio*, are considered "Confidential Information."

    2. Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

    a. Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

    b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

    c. May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

     i. investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by defense counsel;

     ii. independent expert witnesses, investigators, expert advisors, consultants and vendors retained in connection with this action;

     iii. individuals, including prospective defense witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

     iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

3.   Certain of the Confidential Information, referred to herein as "Highly Confidential Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Highly Confidential" or otherwise identified by the Government to counsel for the defendant as "Highly Confidential Information."  The Government's designation of material as Highly Confidential Information will be controlling absent contrary order of the Court.

4.   Restrictions on Highly Confidential Information are the same as Confidential Information, except that Highly Confidential Information may be disclosed by counsel to the defendant for review at the office of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case.  The defendant shall not maintain, retain, or keep copies of any records containing Highly Confidential Information outside of the offices or presence of defense counsel.  The defendant shall not make or retain any notes that include any Highly Confidential Information outside the offices of defense counsel.  Highly

Confidential Information may be disclosed to Designated Persons consistent with the terms of Confidential Information.

5. Certain of the Confidential Information, referred to herein as "Attorneys Eyes Only Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Attorneys Eyes Only" or otherwise identified by the Government to counsel for the defendant as "Attorneys Eyes Only Information." The Government's designation of material as Attorneys Eyes Only Information will be controlling absent contrary order of the Court.

6. Restrictions on Attorneys Eyes Only Information are the same as Highly Confidential Information, except that Attorneys Eyes Only Information shall not be disclosed to or possessed by the defendant, and may be disclosed only to defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case). Attorneys Eyes Only Information may be disclosed to Designated Persons consistent with the terms of Highly Confidential Information.

7. Notwithstanding the foregoing, Confidential Information shall not include documents, materials or information that is (i) already in the possession of the

4

defendant at the time of the Government's production, or (ii) otherwise publicly available (collectively, the "Other Information"). Nothing in this Order shall restrict the defendant's use of such Other Information.

       8.   Confidential Information, Highly Confidential Information and Attorneys Eyes Only Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall either be returned to the Government or shredded and destroyed, upon the conclusion of the above-captioned case. The above-captioned case will be concluded upon expiration of either the conclusion of any litigation related the above-captioned case, including direct appeal and collateral attack.

       9.   The defendant or his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information, shall sign an acknowledgment, to be retained by the counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with

any materials produced pursuant to terms of this Order. In addition, if Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information is provided to any Designated Persons, those Designated Persons shall return or destroy such materials as set forth in paragraph 8.

10. The defendant and his counsel will not attach any Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

11. At any time, defense counsel may seek leave from the Government to share materials designated as Highly Confidential Information and/or Attorney's Eyes Only Information with the defendant ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide defense counsel with a redacted version of the Requested Material that may be shared with the defendant; or (iii) provide defense counsel with an explanation as to why the Requested

6

Material cannot be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material.  The Government will make all practicable efforts to oblige defense counsel requests to share Requested Material.

      12.  The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

      13.  The Government may authorize, in writing, disclosure of Confidential Information, Highly Confidential Information, and/or Attorney's Eyes Only Information beyond that otherwise permitted by this Order without further Order of this Court.

SO ORDERED:

Dated:   New York, New York
        August 20, 2021

                                  _Mary Kay Vyskocil_
                                  HON. MARY KAY VYSKOCIL
                                  UNITED STATES DISTRICT JUDGE
                                  SOUTHERN DISTRICT OF NEW YORK